FILED

NOT FOR PUBLICATION

MAY 24 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAMLESH BANGA, | No. 10-15913 |
| Plaintiff - Appellant, | D.C. No. 4:08-cv-04147-SBA |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Kamlesh Banga appeals pro se from the district court's summary judgment

and award of costs in her action alleging that defendants Experian Information

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).  Accordingly, Experian Information Solutions, Inc.'s request for oral argument is denied.

Solutions, Inc. ("Experian") and Kohl's Department Stores, Inc. ("Kohl's") violated the Fair Credit Reporting Act (the "Act"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc), and for an abuse of discretion an award of costs to the prevailing party, *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment on Banga's claims for willful violations under § 1681n of the Act because, as she conceded to the district court, defendants were not objectively unreasonable in accessing Banga's credit report for account review purposes while she closed her Kohl's account. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69-70 & n. 20 (2007) (no willful violation if defendant's interpretation of "less-than-pellucid" statutory text is "not objectively unreasonable" and there is no guidance from courts or relevant agencies); *see also Reynoso v. Giurbino*, 462 F.3d 1099, 1110 (9th Cir. 2006) (party is bound by concession to the district court notwithstanding contrary position on appeal).

The district court properly granted summary judgment on Banga's claims for negligent violations under § 1681o of the Act because she failed to raise a triable dispute as to whether defendants' conduct resulted in actual damages. *See* 15

U.S.C. § 1681o(a); *cf. also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751-52 (9th Cir. 2001) (affirming summary judgment where plaintiff "failed to offer competent evidence of damages" for a claim in which plaintiff "bore the burden of establishing the amount of actual harm").

The district court properly granted summary judgment on issue preclusion grounds as to Banga's claim that defendant Experian violated § 1681r of the Act because she unsuccessfully litigated this issue in a prior lawsuit. *See San Remo Hotel, L.P. v. San Francisco City and Cnty.*, 364 F.3d 1088, 1094 (9th Cir. 2004) (party cannot relitigate issues actually and necessarily decided in earlier litigation).

The district court did not abuse its discretion by awarding defendants their costs in connection with Banga's deposition. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448-49 (9th Cir. 1999) (costs of transcribing and videotaping deposition are recoverable if they are necessarily obtained for use in the case).

Banga's remaining contentions are unpersuasive.

Banga's motion for appointment of counsel for purposes of oral argument on appeal is denied as moot.

**AFFIRMED.**